

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERT RAY ROBERTS, | § | No. 08-23-00011-CR |
| Appellant, | § | Appeal from the |
| v. | § | 226th District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2021CR5177) |

## <u>MEMORANDUM OPINION</u>

### BACKGROUND

In a single issue, Appellant argues the trial court erred in denying his motion to suppress evidence.[1] We affirm.

### *Factual Background*

In March of 2018, Officer Daniel Gonzales of the San Antonio Police Department received a reported tip of a sexual assault of a child. Specifically, Appellant's ex-wife, Ms. Childress, reported that Appellant was having a sexual relationship with a sixteen-year-old girl, J.S., in the home she and Appellant were sharing at the time. Officer Gonzales dispatched to the home and a few minutes later, Officer Phillip Dmitriev arrived.

---

[1] This case was transferred from our sister court in Bexar County, Texas pursuant to the Texas Supreme Court's authority under Chapter 73 of the Government Code. *See* TEX. GOV'T CODE ANN. Section 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

The officers spoke to Ms. Childress, and she reported Appellant was a registered sex offender, J.S. had been living there for about eight months, and Ms. Childress was concerned because J.S. was a runaway and Appellant had impregnated her. Ms. Childress stated Appellant and the girl were not home, but were at a nearby grocery store and Appellant was driving a red Buick. On his computer, Officer Gonzales confirmed J.S.'s full name and that she was in fact an active runaway. His computer search of J.S. also revealed J.S. had an outstanding warrant for her arrest for possession of marijuana. According to Officer Gonzales, this corroborated the information provided by Ms. Childress and he was concerned for J.S.'s safety.

The officers decided to wait at a nearby bank for Appellant and J.S. to get back from the grocery store. After about thirty minutes, they went back to the house to see if Appellant and J.S. had arrived. The officers saw a red Buick parked in the driveway and asked Appellant if J.S. was inside, which Appellant denied. Officer Gonzales decided to enter the house to look for J.S. He entered the home, searched only places someone could hide, and found J.S. hiding in a closet. Officer Gonzales was inside the home for about a minute to a minute and a half. After finding J.S., Officer Gonzales made sure she was okay, arrested her for her outstanding warrant, and escorted her from the house. No other evidence was seized. According to Officer Gonzales, it was an "emergency situation" and his sole purpose of entering the home was to assist J.S., and "remove her from an unsafe situation[.]"

### *Procedural Background*

Appellant was indicted on three counts of sexual assault of a child. Appellant filed multiple motions to suppress, and hearings on the motions were held on July 1 and 19, 2021, and January 28, 2022. In November of 2022, Appellant entered a plea of nolo contendere on all three counts and was sentenced to nine years in the Texas Department of Criminal Justice Correctional

Institutional Division. Pursuant to the plea agreement, the trial court certified Appellant's right to appeal matters raised by written motion filed and ruled on before trial and not withdrawn or waived. This appeal followed.

## DISCUSSION

Appellant argues the trial court erred in denying his motion to suppress evidence that led to his indictment—the runaway girl, J.S. Appellant specifically argues the officers lacked probable cause to enter his home, exigent circumstances did not exist, and the community caregiving function did not apply, rendering the seizure of evidence from his home illegal. According to Appellant, the seizure of J.S. resulted in his subsequent arrest and indictment for sexual assault of a child and should have been suppressed. However, as a threshold matter, we must first address whether Appellant preserved error for our review.

### *Standard of Review and Applicable Law*

A trial court's ruling on a motion to suppress is reviewed under a bifurcated standard of review, "giving 'almost total deference to a trial court's determination of historical facts[,]'" while the trial court's application of the law is reviewed de novo. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (quoting *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997)).

Texas Rule of Appellate Procedure 33.1 provides that as a prerequisite to presenting a complaint for appellate review, the record must show the complaint was timely made to the trial court by request, objection, or motion, and the trial court "ruled on the request, objection, or motion, either expressly or implicitly[.]" Tex. R. App. P. 33.1. An adverse ruling by the trial court is required, and preservation of error, "even constitutional error—may be forfeited[.]" *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

3

*Analysis*

According to Appellant, the erroneous admission of the seized evidence—J.S.—led to his arrest and subsequent indictment of sexual assault of a child. He challenges the trial court's denial of his motion to suppress; however, Appellant filed multiple motions to suppress, and we cannot discern, neither explicitly nor implicitly, an adverse trial court ruling as to any of the motions.

The following is contained in the record before us: the three hearing transcripts on the motions to suppress, a clerk's record, which contains Appellant's motions to "Reopen Motion to Suppress" and "Reconsider Motion to Suppress."

At the first suppression hearing, held July 1, 2021, the parties and the trial court discussed how to approach the motions because Appellant had filed "about 100 different motions[.]" The trial court decided it would focus on the motions to suppress first. The trial court referenced the following motions to suppress: an amended motion to suppress evidence and illegal arrest file stamped December 20, a motion to suppress arrest at large, motion to suppress child DNA, motion to suppress DNA evidence, motion to suppress evidence and illegal arrest, motion to suppress evidence and illegal arrest (one file stamped October 15, 2019 and the other July 15, 2019), a June 25th motion to suppress DNA evidence, and a motion to suppress arrest at large and motion to suppress child DNA, both file stamped June 25, 2001, a motion to suppress physical evidence, and a motion to suppress written and oral statements of defendant.

On appeal, Appellant states the following in his brief: "This is an Appeal from a hearing on a Motion to Suppress Evidence for the offense of Sexual Assault. This case was called for a hearing on July 1, 2021, and July 19, 2021. The Judge denied Appellant's motions."[2] Appellant

---

[2] Appellant is mistaken in stating two hearings were held on his motions; three separate hearings were held.

4

failed to provide a record citation, and although Appellant claims the trial court denied his motions and is appealing, we cannot confirm this in the record before us.

There were over ten motions to suppress before the trial court. While it is clear there were hearings held on the motions to suppress, we cannot explicitly establish the trial court's ruling because Appellant did not include the trial court rulings in the appellate record. Furthermore, although it is clear there was adverse rulings to the motions to suppress by way of Appellant's motions to "Reopen Motion to Suppress" and "Reconsider Motion to Suppress[,]"[3] Appellant does not specify which motions he appeals, or which motions the trial court denied. Additionally, although the trial court stated, at the end of the last suppression hearing, "I will review all the evidence[,]" and at one point that she would issue written findings, neither the rulings nor the trial court's written findings are in the record before us.

Furthermore, because there were over ten motions to suppress before the trial court, we also cannot establish the trial court's rulings implicitly because the record before us does not support such an inference, and we will not act by conjecture. To reiterate, Appellant fails to specify which motions he challenges on appeal, and we do not know, and we refuse to speculate, which motions were denied. Given the number of motions to suppress filed by Appellant, it is impossible to establish, either explicitly or implicitly, that the trial court denied the suppression issue Appellant now challenges on appeal. Accordingly, Appellant has not preserved error for our review. Issue One is overruled.

## CONCLUSION

For these reasons, we affirm.

---

[3] In Appellant's motion to "Reconsider the Motion to Suppress" Appellant complains of his arrest, not the entry of his home or the subsequent seizure.

YVONNE T. RODRIGUEZ, Chief Justice

August 4, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)